### AMERICAN CARAMEL CO. v. THOMAS MILLS & BRO.

### SAME v. QUAKER CITY CHOCOLATE & CONFECTIONERY CO.

(Circuit Court, E. D. Pennsylvania. June 8, 1905.)

#### Nos. 26, 42.

PATENTS—INVENTION—MACHINE FOR CUTTING CARAMELS.
  The Hershey patent, No. 532,554, for a machine for cutting candy, is void for lack of patentable invention in view of the prior art.

In Equity. Suit for infringement of patent. On final hearing.

Wm. J. Smyth and Henry E. Everding, for complainants.
Henry P. Brown and Augustus B. Stoughton, for respondents

J. B. McPHERSON, District Judge. The patent involved in these two suits, No. 532,554, was applied for on May 3, 1893, and was granted to the applicant, Milton S. Hershey, on January 15, 1895. It is for an improved machine for cutting caramels, candy, and similar products, the object of the device being to subdivide sheets of the material into parts suitable for use. The machine may be described as follows: A stationary table, having a transverse slot or opening, is supported by a frame. Above the slot a blade shaft is journaled, having rigidly fixed thereto annular cutting blades, so placed as to cut the material into strips of a suitable width. Below the slot a plain roller is journaled, and the shaft and the roller are so geared that their meeting surfaces revolve in the same direction, and whatever is caught between them is drawn through to the other side. The sheet of caramel or other candy is placed upon a flexible plate or pad of felt, rubber, blotting paper, or similar material, and the end of the pad is inserted between the

shaft and the roller by the hand of the operator, whereupon the pad is drawn through and the sheet of candy is cut into strips.   The pad is then turned half way around, and the cutting operation is repeated, thus converting the strips into small squares.   The following paragraphs from the specification show what the patentee believed to be the advantages of this method:

"The frictional contact of the blades with the pad is the result of thorough, clean, and continuous cuts in the sheets of material carried by said pad, as there can be no motion thereof other than that communicated to it jointly by the blades and roller, which are actuated positively by the same gear, and as the nature of the pad permits the blades to bite into the same and insure the cutting of the material by the movement of said pad.  *  *  *

"By my construction the successful application of the device through which is applied the frictional force required to move the pad carrying the material to be cut also necessitates the cutting of that material, thereby utilizing said device in a two fold manner and reducing the amount of machinery necessary for the purpose, as well as making a corresponding reduction in the friction to be overcome and the cost of the more numerous parts otherwise necessary."

The claims are as follows:

"1. The combination, with a slotted table, of a shaft having blades and journaled above said slot, a roller journaled below the slot, said shaft and roller being so geared that their adjacent parts move in the same direction, and a plate or pad adapted to be drawn between said blades and the roller by the frictional action thereof, for the purpose specified.

"2. The combination, with a slotted table, of a shaft having blades and journaled above said slot, a roller journaled below the slot, said shaft and roller being so geared that their adjacent parts move in the same direction, and a flexible plate or pad adapted to be drawn between said blades and the roller by the frictional action thereof, for the purpose specified.

"3. The combination, with a slotted table, of a vertically adjustable shaft having blades and journaled above the slot, said shaft and roller being so geared that their adjacent parts move in the same direction, and a flexible plate or pad adapted to be drawn between the blades and the roller by the frictional action thereof, substantially as and for the purpose specified."

Several defenses are made to the charge of infringement, but I shall refer to only one, the lack of patentable novelty, since I believe this defense to be well founded.   It cannot be doubted that every element in the machine is old—the pad, the annular cutter, the slotted table, and the rotary bed—and therefore, unless these elements in combination show novelty, there is no invention to support the patent.   I have considered with care the testimony and the arguments of counsel upon this point, and shall announce without discussion the conclusion to which I have come, namely, that the patentee has done no more than to take an old and well-known pad, and put it through a cutter resting upon one kind of bed rather than upon another, both kinds being also old and well known.   In the last analysis, this seems to me the essence of the machine, and I have been unable to see that this required the exercise of the inventive faculty.

In each case, therefore, a decree may be entered dismissing the bill at the costs of the complainant.